THE STATE, MINNIE BLANCHE MOORE, PROSECUTRIX, v. WILLIAM BRO SMITH.

1. An affidavit, under *Rev., p.* 576, § 11, ¶ 1, that a tenant holds over after the expiration of his term, need not state that he holds over without the permission of the landlord.

2. When a person having a contract to purchase, takes a lease from the owner, for a month, for the same property, and enters under it, his

possession after the expiration of his term, in the absence of any other agreement, is that of a tenant at sufferance.

3. A tenant at sufferance is not entitled to notice at common law, and under the Landlord and Tenant act a previous demand of possession only is required as a condition upon which a summons may issue.

On *certiorari.*

This writ brings up a judgment entered by a justice of the peace, in a proceeding under the Landlord and Tenant act. The affidavit filed with the justice set out that Minnie Blanche Moore was in possession of the premises in question; that the deponent, William Bro Smith, let the said premises to said Minnie Blanche Moore, on June 1st, 1893, for one month from said June 1st, at the rental of $1; that said Minnie Blanche Moore entered into possession by virtue of said agreement, and that said term expired on July 1st, 1893, and that she holds over and continues in possession; that on October 17th, 1893, he made demand and gave notice in writing to said Minnie Blanche Moore to deliver possession thereof. The affidavit then describes the manner in which the notice was given.

Argued at February Term, 1894, before Justices DEPUE and REED.

For the prosecutrix, *Edward Kenny.*

For the defendant, *Washington B. Williams.*

The opinion of the court was delivered by

REED, J.  The first reason assigned for invalidating the judgment is that the affidavit is defective in failing to state that the tenant held over and continued in possession without the permission of the landlord. The point made is that the continued occupancy from July 1st, 1893, when the term under the lease expired, until October 17th, when the demand of possession was made, raises a presumption that such occu-

pancy was with the permission of the landlord; that this presumption should have been refuted by an express statement in the affidavit that no such assent had been given.

This view is incorrect. The burden is upon the tenant who holds over after the expiration of his term, to show that by the reception of rent for the subsequent occupation or by some agreement or recognition of the relation of landlord and tenant, the landlord has assented to a continuation or renewal of the same relation.

The mere unbroken silence or inaction of the owner will not improve or enlarge the character of a hold-over tenant's possession.

He continues a tenant at sufferance from the moment when his term expires. *Moore* v. *Moore,* 12 *Vroom* 515; *Decker* v. *Adams,* 7 *Halst.* 99.

It is next insisted that, at the time of the execution of the lease from Smith to Moore, there was in existence a contract between the parties, by the terms of which contract Smith had agreed to sell the premises to Moore, the deed to be delivered June 27th, 1893, which time by further agreement was postponed to July 6th, 1893. It is urged that, after the expiration of the term mentioned in the lease, the possession of the defendant below must be regarded as that of one who is let in under a contract to purchase; that, therefore, there existed no relation of landlord and tenant to support the jurisdiction of the justice.

In respect to this contention there are several answers. In the first place, the lease and the contract to purchase were entirely distinct. *Nestal* v. *Schmid,* 10 *Vroom* 686.

Moore went into possession as lessee, and there is nothing to show that Smith ever recognized any other right of possession in the tenant. But there is nothing in the affidavit to disclose any contract to sell and purchase existing between the parties. Further, it is observable that if it be permissible to look beyond the affidavit for defects in jurisdiction, nothing appears in the record in respect to this matter. An agreement is printed in the paper-book, but in the return of

the justice there is no allusion to such an agreement. There is, therefore, no evidence that it was proved upon the trial.

It is next insisted that there should have been given either a three months' or a month's notice to quit.

This position, however, is based upon the assumption that Moore was a tenant from year to year or a monthly tenant.

As has been already observed, she was neither. She was, so far as appears, a tenant at sufferance, not entitled to notice at common law. She was entitled only to the notice to deliver possession provided for by the statute, and this notice she had.

This point also is directly ruled by the case of *Moore* v. *Moore, supra.*

Judgment is affirmed, with costs.