GEORGE C. GUVERNATOR v. NUCOM KENIN, PROSECUTOR.

Argued November 7, 1900—Decided February 25, 1901.

1. A three months' notice is sufficient to terminate a tenancy at will or at sufferance or from year to year under section 109 of the District Court act of 1898, and to justify a judgment for dispossession when proven to the satisfaction of the judge.
2. A written notice to terminate such tenancies was not required at common law and is not now necessary, except when the statute so requires.

On *certiorari.* On proceedings to review a judgment of dispossession of the Atlantic City District Court in a landlord and tenancy case.

Before Justices VAN SYCKEL and FORT.

For the prosecutor, *Godfrey & Godfrey.*

For the defendant, *Thompson & Cole.*

The opinion of the court was delivered by

FORT, J. The court is asked to review the action of the District Court of Atlantic City, giving judgment of dispossession in a landlord and tenancy proceeding taken under the District Court act as revised in 1898. *Pamph. L., p.* 556.

The one hundred and ninth section of this act provides

that "no judgment for dispossession shall be ordered in a case of tenancy at will or at sufferance or from year to year, unless the judge shall be satisfied, by due proof, that such tenancy has terminated by giving three months' notice to quit."

In this case the District Court judge found that such notice was given verbally. The contention is that this was not a good notice under the statute, but that such a notice is only good when given in writing.

We think there is no force in this objection. A verbal notice to quit, duly proven to have been given, was good at common law. *Tayl. Land. & T.*, § 482.

It has never been held in this state that the three months' notice required to be given to terminate uncertain tenancies, under section 29 of the Landlord and Tenant act, must be in writing. *Gen. Stat., p.* 1921, § 29.

Where the legislature in one case requires the notice to be in writing, and in another simply requires a notice, in the latter case a verbal notice is sufficient.

Such a distinction is made between the notices, under sections 107 and 109 in the District Court act, here under construction. *Pamph. L.* 1898, *p.* 598, § 107; *Id., p.* 599, § 109.

It was contended in this case that, notwithstanding the provisions of section 109, no notice was required in this case, because the tenant was holding over after the expiration of his term, without the permission of his landlord, and that hence an immediate notice to quit, only, was necessary. Such, undoubtedly, is the law of this state, and would be in this case but for section 109 of the act of 1898. *Smith* v. *Moore,* 27 *Vroom* 446.

We think, however, that section 109 changes the rule, and requires in all tenancies at sufferance a three months' notice to terminate such tenancies before a District Court can dispossess.

The holding over here was identical in its conditions with that in two cases determined in this court, both of which were declared to be tenancies at sufferance. *Moore* v. *Moore,* 12 *Vroom* 515; *Moore* v. *Smith,* 27 *Id.* 446.

The drafter of section 109 should have left out the words "at sufferance" if the three months' notice was not intended to be given in such cases. To require such a notice is clearly a hardship and useless, but the statute requires it in tenancies "at sufferance," and the facts proven in this case show a tenancy at sufferance. 12 *Am. & Eng. Encycl. L.* 668.

These are the only two questions which were urged for reversal. Immediate notice was admittedly given and received by the tenant.

The judgment of the District Court is affirmed.