JOHN M. YOUNG, PROSECUTOR, v. COLUMBIA INVEST-
MENT AND REAL ESTATE COMPANY.

Submitted December 5, 1908—Decided February 23, 1909.

Where one enters into the possession of premises under an express
agreement of purchase, payments to be made in installments, the
relation of landlord and tenant is not created, and a reservation
or exception in the contract which states, that until the pur-
chaser shall fully perform the contract, i. e., pay the purchase
price, his interest in said property shall be only that of a tenant,
does create a tenancy. And the further stipulation that if the
purchaser fail to perform, the vendor may take proceedings al-
lowed by law to a landlord to remove said purchaser as its tenant
therefrom, does not authorize summary proceedings to remove
the purchaser from possession as for non-payment of rent. Juris-
diction in such case cannot be conferred by agreement. The pro-
ceedings must be warranted by law.

On *certiorari.*

Before Justices REED, BERGEN and MINTURN.

For the prosecutor, *Peter W. Stagg.*

For the defendants, *Frederick P. Schenck.*

The opinion of the court was delivered by

BERGEN, J.   The writ in this case was allowed to test the
sufficiency of an affidavit in proceedings to dispossess the
prosecutor, under the Landlord and Tenant act.   The affi-
davit sets out that the prosecutor is in possession of premises
belonging to defendant "under an agreement   *   *   *
whereby the said company agreed to sell said premises to said
John M. Young upon the terms and conditions thereinafter
set forth, which said agreement provided for a monthly pay-
ment of sixty dollars, and further contained the following
paragraph as one of the terms and conditions above men-
tioned: *Sixth.* Until said purchaser shall fully perform this
contract, his interest in said property shall be only that of a

tenant, and if he shall violate or fail to perform this contract, or any of the terms thereof, then said purchaser agrees, if in possession, to vacate and surrender possession of said premises on ten days' notice by mail, and said company may take any proceedings allowed by law to a landlord to remove said purchaser as its tenant therefrom." The affidavit further sets out that Young has not fully performed his contract because he has neglected to pay four monthly payments.

The objection raised is that, in undertaking to set out the terms of the holding, the whole agreement should appear, and that it does not show that the relation of landlord and tenant exists, but rather a contract to purchase with default in payments. That prosecutor entered under a contract to purchase clearly appears, but it is claimed by the defendant that such possession is a tenancy, under the sixth section of the agreement, until all payments are made on the purchase price. The contract does not reserve rent, nor is any term fixed beyond the punctual payment of the purchase price. It is insisted that a tenancy exists under *Nestal* v. *Schmid,* 10 *Vroom* 686, but that case does not settle the present question, for in the Nestal case the action was for use and occupation, and there was an express promise to pay for such use, and in that case there was no entry under the contract to purchase. The court said that the vendee could not enter thereunder except as a trespasser. Here the affidavit declares that Young entered under a contract to purchase, limiting his interest to that of a tenant, and, as such, subject to dispossession under tenancy proceedings if he should fail to pay the purchase-money. There was no separate agreement to pay rent while the contract was being fulfilled.

It is well settled that an entry under contract to purchase does not create a tenancy, and there must be something reserved as rent to create it where one is let in as purchaser.

In *Tomes* v. *Chamberlaine,* 5 *M. & W.* 14, the defendant entered under contract, agreeing to pay interest at five per cent. until the completion of the contract, and it was held there was no tenancy, but an estate at will was created.

In *Moore* v. *Smith*, 27 *Vroom* 446, while there was a contract to purchase when the lease was made, the entry was under the lease, which brings it within *Nestal* v. *Schmid, supra*.

Nor does the sixth clause, as set out in the affidavit, create the relation of landlord and tenant; it merely provides that, until the purchaser shall have fully completed his purchase payments, his interest in the property shall be that of a tenant. The fair interpretation of the intention of the parties to be gathered from this part of the contract is that, upon default in payment of the purchase price, possession of the premises could be obtained under the Landlord and Tenant act. It was not a lease, but an agreement to confer jurisdiction as to the method of obtaining possession. Jurisdiction cannot be conferred by agreement; the proceedings must be warranted by law. The affidavit does not show the necessary facts, and the proceedings must be set aside.