JOHN D'AGOSTINO AND FERDINAND THOMINESSEN, APPELLANTS, v. HARPER D. SHEPPARD AND CLINTON H. MYERS, TRADING AS SHEPPARD & MYERS, OF HANOVER, PENNSYLVANIA, RESPONDENTS.

Argued May 21, 1925—Decided October 19, 1925.

A tenant of a lessee can claim no greater right to possession than their immediate lessor possessed, in the absence of payment of rent, when no claim is made against the plaintiff as the immediate landlord, no attornment, in fact, having taken place between them.

On appeal from the Supreme Court.

For the appellants, *John C. Reed, Clarence L. Cole* and *Robert H. McCarter.*

For the respondents, *Bourgeois & Coulomb.*

The opinion of the court was delivered by

MINTURN, J.   The suit was in ejectment. George Graham, while owner of the Maharba apartment-house in Atlantic City, consisting of fifty-four apartments and four stores, leased to one Von H. Herr, on March 29th, 1920, for the term of five years, with the privilege of renewal for five years, at an annual average rent of $39,000.   Herr accepted the tenants in possession, but subsequently sublet one of the stores to Sheppard & Myers, the defendants, for one year, beginning May 1st, 1921, with a privilege of renewal for two years and thereafter for a further privilege of two years.

On October 21st, 1921, Herr called upon Sheppard & Myers, and informed them that his pecuniary condition would be improved if they would advance four years' rent, and thereby exercise their double privilege or option, and proposed that they pay him $10,000 less twelve per cent. discount.   On November 21st Herr and Graham canceled their lease, the latter forcing the cancellation because of alleged

breach for non-payment of rents, taxes and other charges. Graham admits that Herr at that time gave him the names of some of the tenants, who had paid him rent in advance, but the names of these defendants were not among them. The amount thus paid was stated by Herr to be about $4,000, whereas the fact was that, excluding defendants' payment, Herr had received $6,000. On May 15th, 1922, Graham sold the apartment to the plaintiff, and on closing title a rent rebate of $104.16, being one-half of defendants' monthly rent, was made to plaintiffs by Graham. Defendants have been in possession since April, 1921, when they accepted their lease from Herr.

A remarkable and unexplained feature of the case is that, after Herr had obtained the advanced discounted rents from the tenants, Graham in some mysterious manner continued to receive the stated rent of the apartments until he sold to these plaintiffs, when the payments on March, 1923, ceased, as a result of which the plaintiffs brought this suit to recover possession. The verdict was for the defendant, and plaintiffs appealed.

The main contention in the case is that upon this state of facts instead of directing a verdict for the plaintiffs, the learned trial court sent the case to the jury, for the purpose of determining whether the cancellation of the Graham-Herr lease was voluntary on Herr's part, upon the theory that if Graham voluntarily accepted, by agreement with Herr, the factual status created by Herr with the tenants, Graham's right to recover possession was no greater than that of Herr, and the former could only transfer to the plaintiffs the title to the premises *cum onere,* as he had agreed to accept it from Herr. We think this was erroneous, and that upon the undisputed facts a verdict should have been directed for the plaintiffs. To sustain their claim to possession as tenants, the defendants must assert a claim based upon a privity of estate or privity of contract. Their claim as tenants of a lessee could confer upon them no greater rights to possession than their immediate lessor possessed, in the absence of payment of rent, since they made no claim against the plaintiffs as their immediate landlord, no attorn-

ment in fact having taken place between them. *Souders* v. *Vansickle,* 8 N. J. L. 313, 317. Whatever rents the plaintiffs received came from Herr, the defendants' lessor, or, presumably, from some one for him, since the plaintiffs consciously never received rent from the defendants, and to effect an attornment the relationship of contract, express or implied, *inter sese,* must exist.

The sole contract governing the situation, so far as plaintiffs were concerned, was the lease from Graham to Herr, and that, in the absence of an attornment by defendants, created no contractual relationship of landlord and tenant between the plaintiffs and defendants. The lease, therefore, between Graham and Herr presented the sole measure of the defendants' right to possession, and the construction of that instrument being exclusively a court function, a verdict for the plaintiffs should have been directed.

The judgment will therefore be reversed.

WHITE, J. (dissenting). I think that when Graham, the landlord, accepted from his tenant, Von Herr, a voluntary surrender of the latter's lease, he took subject to the then rights of sub-tenants under Herr, who had taken subleases in accordance with permission to sublet contained in the paramount lease from Graham to Herr. I think, also, that at the time Graham accepted such surrender the sub-tenants in this case had a sublease from Herr under which their rent had been paid in advance for a period of some four years, and were in possession under that lease. I think Graham was bound, when he accepted the voluntary surrender from Herr, by what an inquiry from the sub-tenants so in possession, would have resulted in disclosing to him, but he made no such inquiry. Instead, I think, he relied upon the representation made to him by Herr, that a former lease, viz., the one in existence before it was changed from a lease, with rent payable monthly into one with rent paid in advance for a period of four years, was the one then existing in the premises. That this representation was false and fraudulent is, it seems to me, Graham's misfortune and fault, and should not result in loss to these defendants.

*For affirmance*—WHITE, J.   1.

*For reversal*—THE CHIEF JUSTICE, TRENCHARD, MIN-
TURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD,
GARDNER, VAN BUSKIRK, MCGLENNON, KAYS, JJ.   12.