FLORA A. GASH, EXECUTRIX OF THE ESTATE OF HARRIS GASH, DECEASED, PAINTIFF-APPELLANT, v. DAIRY-MEN'S LEAGUE CO-OPERATIVE ASSOCIATION, INCORPORATED, DEFENDANT-RESPONDENT.

Argued May 3, 1932—Decided November 23, 1932.

Before GUMMERE, CHIEF JUSTICE, and Justices BODINE and DONGES.

For the appellant, *William M. McConnel*.

For the respondent, *Dalrymple & Campbell*.

PER CURIAM.

This is an appeal from a judgment of the Essex County Circuit Court entered upon a verdict to be entered in favor of the defendant by Judge Smith.

The original plaintiff, Harris Gash, for whom has been substituted the executrix of his estate, leased premises in Newark to the defendant by written lease for a term of two years commencing February 15th, 1924, at a yearly rental of $1,620 payable $135 per month. At the end of the term, defendant held over and occupied the premises until February 14th, 1927, paying the sum of $135 per month up until November, 1926. The suit was originally upon the theory of an extension of the term for two more years, but this was abandoned at the trial and the complaint was amended to allege that the defendant was a hold-over tenant and had

vacated without giving the three months' notice required by the statute at that time.

The defendant claimed that there had been an oral notice sometime around June, 1926, and a written notice on November 15th, 1926. Plaintiff claimed this alleged written notice was insufficient because the last day for giving such notice for February 14th, 1927, was November 14th, 1926. Defendant further claimed at the trial, although this is probably not raised by the pleadings, they being somewhat indefinite owing to the amendments at the trial, that the subject of the lawful termination of the leasehold was *res adjudicata* by reason of a judgment of the Irvington District Court in an action in which defendant secured judgment against the plaintiff for a deposit of $300 made at the beginning of the term.

The plaintiff's case made no effort to prove that no notice had been given and a motion for nonsuit was made on the ground that this proof was part of plaintiff's claim. This was denied.

Defendant then proved the oral and written notices and the proceedings in the District Court. There was no testimony in contradiction of defendant's evidence.

The trial judge directed a verdict for the defendant, apparently considering that all grounds urged were sufficient.

Appellant first claims that there was a question of fact for the jury as to the giving of the notice despite the fact that the testimony is uncontradicted. In this situation, there was not a jury question merely upon the credibility of defendant's proof. There is a jury question only where conflicting inferences may be drawn.

It is next urged that there was no testimony that three months' notice was given. This is based on the claim that the written notice should have been given on November 14th and not the 15th. In view of the testimony of the oral notice in June, this is unimportant.

It is also urged that the notice must be written. The contrary was decided in *Guvernator* v. *Kenin,* 66 *N. J. L.* 114; 48 *Atl. Rep.* 1023, and there appears to be no statutory requirement that the tenant's notice shall be in writing.

We do not deem it necessary to pass upon whether or not the questions are *res adjudicata,* because what has been said above disposes of the meritorious questions.

The judgment is affirmed, with costs.