SECOND JUDICIAL DIST. COURT, HUDSON COUNTY.

JOSEPH SPIOTTA v. NATIONAL GROCERY COMPANY.

Decided May 9, 1933.

For the plaintiff, *Benjamin Wasserman*.

For the defendant, *Stickel & Stickel*.

CARNEY, J.   The plaintiff in this action (the landlord) seeks to recover from the defendant (tenant) the sum of $170 as rent, under a lease, for the months of September and October, 1932.

The defendant interposed as a defense, the fact that possession of the mortgaged premises had been acquired by a mortgagee whose mortgage was then in default; that a notice had been served upon the tenant, advising it of the default and demanding that the rent be paid to the mortgagee. The method used by the mortgagee to obtain possession was by notifying the tenants in writing, that the mortgagor had defaulted; that possession had been taken by the mortgagee and that the rent thereafter be paid to the said mortgagee.

There is some question as to whether or not the tenant had actually attorned, because the evidence disclosed that the tenant had paid the rent in escrow. I am therefore not called upon to decide the question of attornment, because it is clear that some doubt was evidenced by the tenant in making an absolute payment to the mortgagee. Nevertheless, the situation thus presented calls for a determination as to what constitutes obtaining possession by a mortgagee whose mortgage is in default. In this case, the determination must be made to rest upon the notice given by the mortgagee to the tenant.

In the case of *Shields* v. *Lozear,* 34 *N. J. L.* 496, we find that:

"By the common law, a mortgage in fee created an immediate estate in fee-simple in the mortgagee, subject to be defeated by the payment of the mortgage company on the day named in the condition; and the mortgagee might enter immediately on the mortgaged premises and hold the estate until the condition was performed. * * * The right to enter was postponed, and the possession was in the mortgagor until the condition was broken by default in the payment of the mortgage moneys. *Sanderson* v. *Den, ex dem. Price,* 1 *Zab.* 646, *note.* With this modification of the rights of the mortgagee as to the postponement of the ability to obtain possession of the mortgaged premises, the nature of the mortgage as a conveyance remains as it was at common law."

The rule laid down by the Court of Errors and Appeals in the above case is still the law to-day, in full force and has not been modified. It will be seen that the mortgagee has title and the right to enter as stated above, thus giving the effect to the theory so often expressed that a morgage is a conveyance upon condition, the condition being that the mortgagee will be divested of his title upon the performance of the condition.

In *Bermes* v. *Kelley,* 108 *N. J. Eq.* 289 (at *p.* 290); 154 *Atl. Rep.* 860, Vice-Chancellor Leaming pointed out that:

"At default, a mortgagee becomes entitled to possession of the mortgaged premises and that possession, if exercised, entitled him to receive the rents. Possession may be taken either personally or through a receiver appointed by the court."

The law in this case has been settled by the rule laid down in the case of *Stewart* v. *Fairchild,* 91 *N. J. Eq.* 86; 108 *Atl. Rep.* 301, and the cases therein cited, holding that a mortgagee has no right to the rents of the mortgaged premises unless they are expressly pledged or until he obtains possession after default.

The right thus afforded to the mortgagee is clear and unequivocal, and where, as here, the owner is not in actual, but constructive possession of the mortgaged premises, noth-

ing more than the service of a notice, or demand made by the mortgagee upon the tenant, setting forth that he is exercising his rights of possession, could be required. Certainly, the mortgagee is not required to remove the tenants and thus actually and physically place himself in possession. It is sufficient if his possession be a constructive one. Of course, it can be seen that an exception to this rule would be where the owner himself is in actual possession.

On the question of what constitutes possession, the late Mr. Justice Swayze, in the case of *Schwinn* v. *Perkins,* 79 *N. J. L.* 515; 78 *Atl. Rep.* 19, points out that:

"Occupancy was sometimes confounded with possession. There may be possession without occupancy, as where a servant is in the actual occupancy of the property, holding possession for the master; or where a man has temporarily gone out of the house, leaving no one in charge, but still having legal possession; and there may be a case of occupancy without possession, as where in a man's absence, a mere stranger or trespasser takes possession without claim of right. If two are in possession of a house and the one enters by one right and the other by another, he that hath right shall be supposed to be in possession."

It is to be observed that the mortgagor, not the mortgagee, is asserting his right to the rents; but it is clear from the cases cited above, that he has no such right. This right clearly passes upon default, to the mortgagee. A suggestion has been made in this case, in the brief of counsel for plaintiff, to the effect that a tenant is estopped from denying title or right of possession of his landlord. The law does not carry the fealty of the tenant to his landlord to such an extent. There are well defined exceptions to this general rule, which illustrate the non-existence of any such obligation; as, where the tenant shows that the title of the landlord has expired, or that it has been changed by act of law, as by a sheriff's sale, or that he has mortgaged it to a third person.

From all of the above, it is clear that the landlord, who is the plaintiff in this action, no longer can lay any claim to the rents; in view of which judgment will be entered in favor of the defendant.