The complainant filed her bill April 8th, 1933, to foreclose a real estate mortgage. The suit was uncontested, a final decree was entered for over $10,000 and the property was sold October 18th, 1933, to complainant for $100. Thereafter she filed a petition in this cause, alleging that the mortgaged premises were, prior to filing her bill of complaint, occupied by a tenant of the mortgagor at a monthly rent of $65; that on March 30th, 1933, she served the tenant with a written notice that she demanded possession of the mortgaged premises and payment of the rent then due and thereafter to fall due; that the first rent falling due after service of said notice was for May, 1933, and that the tenant has not recognized petitioner's demand. The petition prays that this court order the tenant to pay petitioner the rent for the months of May to October both inclusive, presumably because he occupied the premises for said months, although the petition does not so allege. Upon filing the petition an order was entered directing the tenant and mortgagor to show cause why the prayer should not be granted, service of which order and of a copy of the petition was made on the tenant personally, and upon the mortgagor by mailing the same to her postoffice address in Indiana. Upon the return of the order, appearance was made by counsel for both tenant and mortgagor in opposition to the petition.
The complainant's petition should be dismissed for any one of the following reasons:
1. The bill of complaint contains no allegation that a tenant is in possession of the mortgaged premises and the tenant was not a party to the suit. I know of no practice which permits a complainant, by order to show cause, to bring in a stranger to the suit and require that person to litigate a question which is foreign to the cause of action set out in the bill.
2. If the demand served on the tenant was sufficient to put the mortgagee in possession, the mortgagee's right to receive rent from the tenant could have been enforced by distress on the tenant's goods and chattels, or by a suit at law. If the *Page 57 
petitioner here is entitled to the rent she now seeks, she has an adequate remedy at law.
3. After default by a mortgagor in payment of the mortgage debt, the mortgagee has the right to enter on the mortgaged premises, or bring ejectment proceedings. If he enters and takes possession, he is entitled to the profits, but until he has taken possession the mortgagor is entitled to the rents. Cohn v.Plass, 85 N.J. Eq. 153; Stewart v. Fairchild-Baldwin Co.,91 N.J. Eq. 86. Possession may be taken by the mortgagee either personally, or by a receiver appointed to collect rents in a suit brought by the mortgagee to foreclose. Stanton v. MetropolitanLumber Co., 107 N.J. Eq. 345, Bermes v. Kelley, 108 N.J. Eq. 289; Del-New Co. v. James, 111 N.J. Law 157.
In the instant case it does not appear that the mortgage in question contained an assignment of rents after default, or a consent that the mortgagee might forthwith enter and take possession, so that the mortgagee's claim to possession during the time she was foreclosing her mortgage, is solely by virtue of her written demand for possession, served (so far as the record shows) on the tenant only. But even had demand been made on the mortgagor also, I cannot regard a mere demand as an entry and taking possession. To obtain the possession to which a mortgagee is entitled by reason of the mortgagor's default, a mortgagee must do more than declare his claim to possession, no matter how publicly he may make his declaration. His claim to possession must be followed by something which amounts to an ouster of, or surrender of possession by the mortgagor. The mortgagee must actually enter and he has the right to do so by any means which does not constitute a breach of the peace and once in possession he may hold as against every one, including the mortgagor, until the latter redeems by paying the mortgage debt. If the mortgagee cannot obtain peaceable possession, he is left to his remedy of ejectment or a foreclosure suit to cut off the mortgagor's equity of redemption by sale.
In the instant case the mortgagor was in possession through her tenant when the mortgagee demanded that the tenant *Page 58 
recognize the mortgagee's claim to enter by paying rent to her. The tenant refused and continued to hold possession under the mortgagor's title and therefore the mortgagee never had even constructive possession. Indeed, the bill of complaint, filed eight days after the mortgagee's demand, states that the mortgagor and her husband have always been in possession of the mortgaged premises. Since the mortgagee never had possession she cannot enforce rent from the tenant on a claim which must be based on possession.
After default under a mortgage and the mortgagee's right to possession has accrued, a tenant may if he chooses, recognize the mortgagee's right to possession and may with safety, attorn to the mortgagee for the rent thereafter falling due, and it would seem that such attornment would amount to an eviction of the mortgagor by a paramount title and would put the mortgagee in constructive possession. Shields v. Lozear, 34 N.J. Law 496;Hinck v. Cohn, 86 N.J. Law 615; Del-New Co. v. James, supra.
But it is my opinion that when demand is made on the tenant by one who asserts that he is a mortgagee and that his mortgage is in default and claims the rent thereafter due, the tenant should not be compelled to determine the sufficiency of the demand or whether the claim is well founded and that he should be fully protected in refusal to recognize the demand, until the mortgagee has secured the appointment of a receiver in proceedings to foreclose his mortgage. In the instant case the mortgagee could have applied for such receiver but did not and the notice served on the tenant did not state that the mortgagor was in default; it merely stated that the mortgagee's demand for possession was based on the mortgagor's failure to make an interest payment. *Page 59