A. FINK & SONS COMPANY, INCORPORATED, PLAINTIFF, v. JOHN HUSS COMPANY, A BODY CORPORATE OF THE STATE OF NEW JERSEY, DEFENDANT.

Submitted December 30, 1937—Decided January 4, 1938.

Before Justice PERSKIE, in chambers, pursuant to statute.

For the plaintiff, *David Goldstein.*

For the defendant, Milton Miller.

PERSKIE, J. The sole issue requiring decision in this cause is whether, under the circumstances here exhibited, the mortgagee's right, if any, to receive and collect rents from the property encumbered by his mortgage, is paramount to the right of the plaintiff, as a judgment creditor of the owner of the mortgaged premises, to have a receiver appointed to receive and collect the rent from the property.

The facts have been stipulated. As stipulated they disclose the following situation: Plaintiff recovered a judgment of $316.31 plus costs from defendant corporation on September 24th, 1937. By virtue thereof, execution was issued to the sheriff of Ocean county. The defendant corporation owned (and still owns) premises at 228 Second street, in Lakewood, New Jersey, upon which there are several mortgages, one, a duly recorded third mortgage dated August 30th, 1927, being owned by Benjamin Berger. On November 12th, 1937, by reason of the execution, the sheriff levied upon

rents due or thereafter to become due the defendant from the tenants in possession of the mortgaged premises. Five days later, on November 17th, 1937, Berger, the third mortgagee, served a demand for the rent upon the same tenants, who, it is further stipulated, are willing to attorn to the mortgagee. Immediately after the levy was made pursuant to plaintiff's execution, plaintiff applied for the appointment of a receiver under a supplement to our act respecting executions. *Pamph. L.* 1915, *ch.* 115, *pp.* 182, 183, § 6; *Cum. Supp. Comp. Stat.* 1911-1924, *p.* 1205, § 91-9a. A rule to show cause was allowed, and the matter was heard in chambers on the return day thereof, the mortgagee urging that the rule be discharged, but admitting that he had no right prior to his serving the demand for rent upon the tenants in possession.

*First:* It is well settled that where a mortgage does not expressly pledge the rents, and the mortgage here involved does not, the mortgagee is not entitled to the rents or profits from the land until he either takes possession, or obtains possession by appropriate action. *Cohn* v. *Plass* (*Court of Errors and Appeals*), 85 *N. J. Eq.* 153, 160; 95 *Atl. Rep.* 1011; *Stewart* v. *Fairchild-Baldwin Co.* (*Court of Errors and Appeals*), 91 *N. J. Eq.* 86, 89; 108 *Atl. Rep.* 301; *Hands* v. *Russell* (*Court of Chancery*), 115 *N. J. Eq.* 55, 57; 169 *Atl. Rep.* 361; *Del-New Co.* v. *James* (*Supreme Court*), 111 *N. J. L.* 157, 160; 167 *Atl. Rep.* 747. The mortgagee, in the case at bar, has instituted no action of ejectment, nor any other appropriate action. All that he has done has been to serve notice upon the tenants that they should attorn to him. It is obvious that this does not constitute an actual taking of possession. Nor is such action equivalent to a transfer of constructive possession to the mortgagee, unless an attornment to him has actually taken place. *Shields* v. *Lozear* (*Court of Errors and Appeals*), 34 *N. J. L.* 496; *Del-New Co.* v. *James, supra; Hinck* v. *Cohn* (*Court of Errors and Appeals*), 86 *Id.* 615; 92 *Atl. Rep.* 378; *Hands* v. *Russell, supra* (at *p.* 58); 105 *A. L. R.* 750. (I pass over the holding to the contrary—and to which

no reference was made by either party—in the District Court case of *Spiotta* v. *National Grocery Co.* 11 *N. J. Mis. R.* 739; 168 *Atl. Rep.* 159.) While under the circumstances here exhibited, the tenants, it is stated, were willing to attorn to the mortgagee, yet there has been no actual attornment in fact. Constructive possession, therefore, did not pass to the mortgagee.

In fine, since the mortgagee is not in actual possession. since he has instituted no action to acquire actual possession; and since there was no attornment by the tenants so as to put the mortgagee in constructive possession, the mortgagee as yet has no right to the rents or profits from the mortgaged land.

*Second:* Under all the circumstances exhibited, I am satisfied that the interests of all will best be served by the appointment of a receiver to collect the rents pursuant to *Pamph. L.* 1915, *supra*.

Accordingly, the rule is made absolute, with costs.