FRANKLIN K. PEARCE AND GLADYS T. PEARCE, HIS WIFE, PLAINTIFFS, v. HAROLD AURINGER, DEFENDANT.

Decided September 18, 1947.

For the plaintiffs, *Arthur A. Palmer, Jr.*

For the defendant, *C. Russell Kramer.*

LEYDEN, S. C. C. Lilian Goldberg, the life tenant, leased the premises in question to the defendant, Auringer, by written agreement dated June 21st, 1946, for one year commencing October 1st, 1946, and ending September 30th, 1947, at an annual rental of $720 payable monthly. In 1929 Lilian Goldberg became the sole owner of a mortgage upon the premises made and executed by her father, George Goldberg, in 1889, to her and another. Mr. Goldberg was the creator of the life tenancy. Lilian Goldberg died February 25th, 1947, and the remaindermen conveyed the premises to the present plaintiffs, who now seek possession as of the 30th day of July, 1947.

The defendant resists the motion to strike the answer contending that his possession is now under the executor of Lilian Goldberg as a tenant of the mortgagee in possession, the 1889 mortgage being said to be in default. During the lifetime of the life tenant the rents were collected by her agent, and since her death have been remitted by the agent to the executor of her estate upon his instructions.

The terms of the lease entered into by the life tenant and the defendant are not binding upon the remaindermen or their successors in title. A stream cannot rise higher than its source, and the death of the life tenant terminated the lease and the right of the defendant to possession as tenant. By remaining in possession after the death of the life tenant, the defendant may have become a tenant at sufferance by the inaction of the remaindermen, and as such would be liable to the remaindermen or their successors in title for the reasonable value of the use and occupation of the premises. Upon the death of the life tenant, with the automatic termination of the lease, there was no tenancy and consequently no rent, as such, due. Assuming the validity of and the default in the 1889 mortgage, the executor of the estate of Lilian Goldberg had two methods by which he might acquire the right to collect rents to be applied upon the mortgage: (1) through a receiver appointed by a competent court, and (2) by taking possession of the mortgaged premises after default. *Del-New Co.* v. *James,* 111 *N. J. L.* 157; 167 *Atl. Rep.* 747.

A mortgagee is not entitled to rents unless and until he takes actual possession of the mortgaged premises. He must do more than merely notify the agent of the deceased life tenant to remit the rents to him. He must take some action which amounts to an ouster of or surrender of possession by the mortgagor. He must actually enter the premises and he has the right to do so by any means which do not constitute a breach of the peace. *Hands* v. *Russell,* 115 *N. J. Eq.* 55; 169 *Atl. Rep.* 361. There is no such showing in the motion papers. Here the executor merely instructed the real estate agent to remit the rent to him as mortgagee in possession. There is nothing to indicate that the mortgagee, having actually taken possession of the premises, made a new agreement of tenancy with the defendant. The tenant's right to possession of the premises under the lease terminated with the death of the life tenant, and since the mortgagee did not take possession, the tenant cannot claim under him. The answer denying the plaintiffs' right to possession is sham and will be stricken.