**In the Matter of L.G. EDWARDS FARM, INC., Debtor.**

**Bankruptcy No. 82–00169(N).**

United States Bankruptcy Court, E.D. Missouri.

Feb. 28, 1983.

Clifford H. Ahrens, Hannibal, Mo., for debtor.

Steven N. Cousins, St. Louis, Mo., for Mutual Life Ins. Co. of New York.

## MEMORANDUM

JAMES J. BARTA, Bankruptcy Judge.

Upon consideration of the record as a whole, the Court finds and concludes as follows:

This is a motion based upon the requirement that a debtor-in-possession segregate and account for cash collateral pursuant to Section 363 of Title 11. This debtor-in-possession is the record title owner of certain real property which is subject to a deed of trust and an assignment of rents running to Mutual Insurance Company of New York (MONY), the movant here.

The record indicates that the debtor-in-possession was in default on its note to MONY as of April 1, 1982, which preceded the filing of this voluntary Chapter 11 case.

The debtor has been collecting rents on the real property which is subject to MONY's deed of trust both before the bankruptcy was filed and during the administration of this estate. To the extent that the rents are cash in which the estate and another entity (MONY) have an interest, the rents are cash collateral pursuant to 11 U.S.C. § 363(a).

■ MONY's interest in the rents was created by a written assignment of rents which had been executed prior to, and was still in operation at the time of filing this bankruptcy petition. Although MONY may not have had the authority to actually collect or receive the rents at bankruptcy, its interest under the written assignment caused the rents to be brought under the definition of cash collateral in this reorganization proceeding. Therefore, the debtor-in-possession was required to segregate and account for the rents in existence at bankruptcy and those collected thereafter, which were subject to the written rent assignment to MONY. 11 U.S.C. § 363(c)(4).

This conclusion is based upon a consideration of federal bankruptcy law. However, it is also consistent with the applicable state law concerning the rights of mortgagees to satisfy notes in default.

■ It is generally accepted that questions concerning the extent of a mortgagee's right to rents and profits from the liened real estate should be resolved by reference to state law. *Butner v. U.S.,* 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979). The applicable law in Missouri is that upon default the mortgagee is not entitled to the rents and profits from the property unless the parties agree, or until the mortgagee enters into possession of the property, or until the mortgagee takes some equivalent action. *In re Stuckenberg,* 374 F.Supp. 15 (E.D.Mo.1974); *Tower Grove Bank & Trust Co. v. Weinstein,* 119 F.2d 120 (8th Cir. 1941). Even though none of these three conditions existed at the time of filing the bankruptcy petition here, MONY's interest in the rents, created by an otherwise valid written agreement, gave rise to a bankruptcy-imposed requirement of segregation and accounting for those rents in existence when the bankruptcy petition was filed, and those collected during the reorganization proceedings.

■ MONY next requests a turnover of the rents so possessed or collected by the debtor-in-possession. To the extent that this is a request for the recovery of money or property, the movant is required to proceed by means of a summons and notice of trial in an adversary proceeding. Although the recovery of cash collateral may not require such a procedure in every instance, other factors are present in this case which require the issues to be framed and presented by adversarial pleadings: if the mortgagee is seeking the recovery of rents which may have been collected prior to its taking possession of the property or other equivalent action, the debtor is entitled to respond and present legal or equitable defenses to specific amounts; also, the debtor has suggested that other mortgagees may claim interests in the rents and profits which are equivalent or superior to MONY's interest, and that, therefore, those mortgagees may be necessary parties to a determination of the entitlement to the monies. For these reasons, the request for turnover must be DENIED for failure to comply with Bankruptcy Rule 701.

■ In the interests of expediency and judicial economy, the Court presented an outline of its findings and conclusions to the attorneys for the parties in a conference in chambers on February 18, 1983. Based upon the discussions at that time, the following additional findings were announced:

(1) If the bankruptcy case had not intervened, the mortgagee (MONY) would have been entitled to attempt to satisfy its claim through the state courts by one of several means, including the collection of rents. The Bankruptcy Court should take whatever steps are necessary to insure the same

protection to a mortgagee which would have existed under state law, but for the intervention of the bankruptcy case. *Butner v. U.S., supra.*

(2) The equivalent action which may be required to trigger the mortgagee's entitlement to receive the rents can be taken after the bankruptcy petition has been filed. *Mortgage Loan Co. v. Livingston,* 45 F.2d 28 (8th Cir.1930).

(3) In the circumstances presented in this case, MONY's motion requesting sequestration and turnover of rents from the property which is subject to its deed of trust satisfies the state requirement of "some equivalent action" which entitles it to such rents as may be provided for by the Assignment of Rents agreement.

(4) However, when, as here, the entitlement first arises after the bankruptcy petition was filed, the mortgagee may not collect rent from tenants, or demand turnover from the debtor of previously collected rents without the authorization of the Bankruptcy Court or the consent of the debtor-in-possession.

(5) The debtor's proposed plan anticipates that a large portion of the funding would be provided by the rents collected from real property including that which is subject to MONY's lien. MONY, however, has declined to grant approval for such use of its cash collateral; and the plan does not otherwise satisfy the requirements of 11 U.S.C. § 363(e) so that the use might be ordered by the Court.

(6) All voting creditors having rejected the proposed plan (there being no unsecured creditors), the plan is not feasible.

(7) Based upon a consideration of values presented in the debtor's schedules and in the discussions by the parties' counsel, MONY's interest in the real property and the rents therefrom is not adequately protected by the present value of the collateral, or by the provisions in the proposed plan.

Therefore, by separate order, the request for segregation of funds is GRANTED; and the request for turnover of said funds is DENIED.