569 F.Supp. 779 (1983)
Ralph E. KEMPE, Plaintiff,
v.
PRINCE GARDNER, INC., Defendant.
No. 83-360C(1).
United States District Court, E.D. Missouri, E.D.
August 30, 1983.
*780 Timothy H. Battern, St. Louis, Mo., for plaintiff.
Dennis C. Donnelly, Thomas C. Walsh, Larry M. Bauer, Bryan, Cave, McPheeter & McRoberts, St. Louis, Mo., for defendant.

MEMORANDUM
NANGLE, District Judge.
This case is now before this Court on defendant's motions to dismiss Count II of plaintiff's complaint on the ground that it fails to state a claim upon which relief can be granted or, in the alternative, to decline to exercise pendent jurisdiction over Count II. In addition, defendant moves to strike all references to compensatory, punitive, and emotional damages in Count I of plaintiff's complaint.
Plaintiff's cause of action arises out of his former employment with defendant. Plaintiff, aged sixty (60) at the time the allegedly unlawful activities took place, alleged in two (2) counts that defendant violated the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 et seq. (A.D.E.A.), and an implied covenant of good faith and fair dealing. Plaintiff alleges that defendant committed these acts in connection with defendant's discharge of plaintiff. Plaintiff seeks declaratory, injunctive, and compensatory relief for Count I (A.D.E.A.). The compensatory relief includes damages for lost wages, lost experience, emotional distress, inconvenience, humiliation and embarrassment. In Count II (breach of implied covenant), plaintiff seeks similar compensatory, as well as punitive, damages.
Defendant's position with respect to Count I is that compensatory damages are not recoverable in A.D.E.A. actions and all references to such damages in plaintiff's complaint should be stricken. With respect to Count II, defendant contends that a cause of action for breach of an implied *781 covenant of good faith and fair dealing does not exist under Missouri law, which is the governing substantive law. Hence, defendant moves to dismiss Count II for its failure to state a cause of action. In the alternative, defendants argue that this Court should decline to exercise pendent jurisdiction over Count II for the reasons that entertaining such an action would subvert the policy of the A.D.E.A. to limit the remedies available for age discrimination in employment, and that any change in the law of Missouri is best left to the state courts or legislature. Plaintiff has not responded to defendant's motion to strike part of the prayer in Count I, but plaintiff has filed a memorandum in opposition to defendant's motion to dismiss Count II. Plaintiff admits that Missouri does not recognize a cause of action for breach of an implied covenant of good faith and fair dealing. However, plaintiff requests this Court to take the step plaintiff claims Missouri inevitably will, namely to recognize such a cause of action. In the alternative, plaintiff moves this Court to stay the instant action pending the outcome of several state cases in which plaintiff hopes Missouri courts will recognize an implied covenant of good faith and fair dealing.

A. COUNT I:
A review of plaintiff's complaint reveals that plaintiff does not pray for punitive damages for violation of the A.D.E.A. Therefore, there is no basis for defendant's motion to strike plaintiff's prayer for punitive damages.
The weight of authority supports the proposition, however, that damages in excess of the amount of lost wages and statutory liquidated damages are not recoverable. Lorillard v. Pons, 434 U.S. 575, 98 S.Ct. 866, 55 L.Ed.2d 40 (1978). For this reason, it has been held that damages for emotional distress, humiliation, or pain and suffering cannot be recovered in an A.D. E.A. action. Slatin v. Stanford Research Institute, 590 F.2d 1292 (4th Cir.1979); Vazquez v. Eastern Air Lines, Inc., 579 F.2d 107 (1st Cir.1978); Dean v. American Security Insurance Co., 559 F.2d 1036 (5th Cir. 1977), cert. denied, 434 U.S. 1066, 98 S.Ct. 1243, 55 L.Ed.2d 767 (1978); Rogers v. Exxon Research and Engineering Co., 550 F.2d 834 (3d Cir.1977), cert. denied, 434 U.S. 1022, 98 S.Ct. 749, 54 L.Ed.2d 770 (1978).
Accordingly, defendant's motion to strike any references to general compensatory, emotional, humiliation, embarrassment or inconvenience damages is granted, and said references be and are stricken.

B. COUNT II:
In passing on a motion to dismiss, a court is required to view the complaint in the light most favorable to the plaintiff. A complaint is sufficient if it "contain[s] allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." 5 Wright & Miller, Federal Practice and Procedure: Civil, § 1216 at 122-23 (1969). A complaint should not be dismissed unless the court determines that plaintiffs could prove no set of facts in support of their claim entitling them to relief. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102, 2 L.Ed.2d 80 (1957).
This Court is convinced that plaintiff can prove no set of facts in support of Count II that would entitle him to relief under a theory of breach of an implied covenant of good faith and fair dealing. It is not disputed that Missouri recognizes the doctrine of employment at will. Under this doctrine, in the absence of a contract of employment for a definite term or a contrary statutory provision, an employer may discharge an employee at any time, however long the employee's prior service, "without cause or reason, or for any reason and, in such cases no action can be obtained for wrongful discharge." Amaan v. City of Eureka, 615 S.W.2d 414, 415 (Mo.banc 1981). See also Eib v. Federal Reserve Bank of Kansas City, 633 S.W.2d 432, 435-36 (Mo. App.1982). Although other jurisdictions that follow this doctrine have created an exception in the form of an implied covenant of good faith and fair dealing, Missouri has not done so. Plaintiff does not contend *782 that Missouri has done so, but plaintiff contends that Missouri would do so if the opportunity arose today.
This Court is not convinced, however, that there is sufficient evidence to conclude that Missouri would adopt such an exception to the employment at will doctrine. Cf. Savodnik v. Korvettes, 488 F.Supp. 822, 825-26 (E.D.N.Y.1980) (state law precedent suggested that New York would adopt the tort of abusive discharge exception to the employment at will doctrine). Plaintiff has not brought any authority to the attention of this Court which suggests otherwise. Therefore, defendant's motion to dismiss Count II is granted. See Percival v. General Motors Corp., 539 F.2d 1126, 1130 (8th Cir.1976).
As an alternative ground for dismissing Count II, this Court notes that it has discretion to refuse to exercise pendent jurisdiction over plaintiff's state law claim. United Mine Workers v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). This Court chooses to decline to exercise that discretion to accept the state claim on the ground that, because compensatory, emotional, and punitive damages might be recovered for such a claim, "[o]ur adjudication of such state claims would circumvent the scope of the remedies available under the federal cause of action, and subvert the policies of excluding [such damages] under the ADEA." Hannon v. Continental National Bank, 427 F.Supp. 215, 218 (D.Colo.1977).
This Court is also of the opinion that it would not be appropriate to stay the present action pending the outcome of several Missouri cases which are now being tried in which plaintiff hopes the state courts will find an implied covenant of good faith and fair dealing. Any such prospect or hope is mere speculation at this stage. It may never happen. Accordingly, there is no good reason to delay the prosecution of plaintiff's A.D.E.A. claim.

C. CONCLUSION:
Defendant's motions to strike portions of the prayer in Count I and to dismiss Count II be and are granted. Plaintiff's motion to stay be and is denied.