595 F.Supp. 918 (1984)
Mario P. COMERIO, Plaintiff,
v.
BEATRICE FOODS CO., d/b/a Imperial Oil and Grease Co., Defendant.
No. 84-1474C(1).
United States District Court, E.D. Missouri, E.D.
October 15, 1984.
*919 James J. Sauter, Deeba, DeStefano, Sauter & Herd, St. Louis, Mo., for plaintiff.
Anthony J. Sestric, St. Louis, Mo., for defendant.

MEMORANDUM
NANGLE, Chief Judge.
This case is now before this Court on defendant's motion to dismiss plaintiff's entire three (3)-count complaint. For the reasons stated below, this Court grants the motion in part and denies it in part.
Plaintiff's cause of action arises out of the termination of his employment with defendant. Plaintiff was hired by defendant in 1978 as Area Manager for defendant's St. Louis, Missouri, operations. Plaintiff had an employment contract, dated June 12, 1978, with defendant for an indefinite term. Said contract was superseded by a contract dated March 9, 1981. The second contract was also for an indefinite term, but contained an amended "Restrictive Covenant" provision. On August 7, 1981, plaintiff's employment was terminated by defendant. According to plaintiff's complaint, on both October 21, 1981, and on December 30, 1981, plaintiff sent letters to defendant seeking a statement of the reasons for his termination in accordance with Missouri's "Service Letter" statute then in effect, Mo.Rev.Stat. § 290.140 (1978), but defendant never responded.
*920 In Count I, plaintiff alleges that defendant intentionally violated the service letter statute and seeks compensatory damages of $20,000.00 and punitive damages of $500,000.00 for said violation. In Count II, plaintiff relies on language in the "Restrictive Covenant" of the amended 1981 contract. Said covenant prohibited plaintiff from taking competitive employment for a period of two (2) years, and under ¶ E(2) defendant agreed that if plaintiff was unable to obtain non-competitive employment, then defendant had to either release plaintiff from said covenant or provide plaintiff with compensation according to a specified formula. Count II alleges that plaintiff was unable to find equivalent non-competitive employment, that defendant did not release plaintiff from the covenant until January 22, 1982, and that said delay was unreasonable and intentional. In Count II, plaintiff seeks compensatory damages of $30,000.00 and punitive damages of $300,000.00. Finally, in Count III, plaintiff alleges that defendant violated the implied covenant of good faith and fair dealing in terminating his employment. In Count III, plaintiff seeks compensatory damages of $30,000.00 and punitive damages of $500,000.00.
Defendant has several arguments with respect to each count in support of its motion to dismiss and this Court will consider defendant's motion by separately treating each count. In passing on a motion to dismiss, a court is required to view the facts alleged in the complaint in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). A motion to dismiss will not be granted merely because the complaint does not state every element necessary for recovery with precision. 5 Wright & Miller, Federal Practice and Procedure: Civil § 1216 at 120 (1969). A complaint is sufficient if it "contain[s] allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." Id. at 122-23. A complaint should not be dismissed unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46, 78 S.Ct. at 102.

COUNT I
Defendant makes three (3) arguments which challenge Count I. The first argument is that the letters sent by plaintiff, which letters are attached to the complaint, failed to comply with the requirements of the statute. Specifically, defendant argues that the letters were not sent by certified mail, were not sent to the proper person, and failed to make specific reference to Mo.Rev.Stat. § 290.140 (1978 as amended). Prior to August 13, 1982, the only formalities imposed on an employee requesting a service letter were that the request be in writing and that the request be directed to the supervisor or manager of the employee. However, the statute in existence on the date plaintiff was terminated was subsequently repealed, effective August 13, 1982, and replaced by the present § 290.140. Mo.Rev.Stat. § 290.140 (1978 as amended). The new statute requires a request for a service letter to be "in writing by certified mail to the superintendent, manager or registered agent of said corporation, with specific reference to the statute...." Mo.Rev.Stat. § 290.140 (1978 as amended). The amendment to the statute did not contain an express "repealer" clause and therefore its retroactive effect is governed by the savings clauses in Mo. Rev.Stat. §§ 1.170, 1.180 (1978). Musselman v. Anheuser-Busch, Inc., 657 S.W.2d 282, 285 (Mo.Ct.App.1983); Arie v. Intertherm, Inc., 648 S.W.2d 142, 159 (Mo.Ct. App.1983). Under these savings clauses, the amendment did not affect "acts done" prior to August 13, 1982, but it applies to actions filed after said date.
In the case at bar, plaintiff's request clearly satisfied the statute in effect at the time of said request. Carr v. Montgomery Ward, 363 S.W.2d 571 (Mo.1963). Because the amendments did not affect "acts done" prior to August 13, 1982, said *921 amendments do not affect the sufficiency of plaintiff's request. In other words, plaintiff's request need not have complied with formalities which were not required at the time of said request. Defendant's first argument is rejected.
Defendant's second argument is a variation on its first. Defendant argues that by repealing former § 290.140 and by enacting the new statute, the legislature "`forgave' any liability for any prior purported violation." Defendant's Memorandum in Support of Motion To Dismiss at 5. According to defendant, plaintiff's cause of action was extinguished by the repeal of Mo.Rev. Stat. § 290.140 (1978), because plaintiff did not file this action until after August 13, 1982.[1] This argument must be rejected because the amendments did not expressly "forgive" or extinguish any liability and the savings clauses of Mo.Rev.Stat. §§ 1.170, 1.180 (1978) do not mandate such a result.
The Arie and Musselman cases also do not support defendant's argument. Those cases dealt with the question of the effect of the amendments, which restricted the availability of punitive damages, on a judgment for punitive damages entered prior to August 13, 1982. Both cases held that § 290.140, as re-enacted, may not be applied retroactively in such a case. The issue presented here is the effect of the amendments on a case filed subsequent to August 13, 1982, where the relevant events occurred prior to August 13, 1982. In the opinion of this Court, the savings clauses referred to supra require this Court to apply the statute as it is presently worded to the extent possible without affecting "acts done" prior to August 13, 1982. Thus, the prior statute governs the sufficiency of plaintiff's request and the legality of defendant's conduct in response thereto. Plaintiff's right to sue defendant for violation of the old statute accrued prior to August 13, 1982, and said right was not extinguished by enactment of the new statute on August 13, 1982. On the other hand, the relief to which plaintiff is entitled did not "vest" prior to August 13, 1982. See Arie, 648 S.W.2d at 159. Therefore, plaintiff's remedies are governed by the statute as amended. Defendant's second argument is rejected.
Defendant's final argument is that Count I must be dismissed because the contract in question chose California as the state whose law should apply to the employment relationship. Section XI of the contract provides that "[t]his agreement shall be construed, interpreted and governed by the laws of the State of California." Missouri courts generally give effect to contractual choice-of-law clauses. NaKao v. NaKao, 602 S.W.2d 223, 226 (Mo.Ct. App.1980); American Institute of Marketing Systems, Inc. v. Brooks, 469 S.W.2d 932, 935 (Mo.Ct.App.1971). However, the parties cannot make a choice-of-law that would alter a fundamental policy of Missouri. Restatement, Second, Conflict of Laws § 187(2)(b) (1971). See also E. Scoles & P. Hay, Conflict of Laws at 637-43 (1984). The service letter statute reflects such a policy. Horstman v. General Electric Company, 438 S.W.2d 18, 20 (Mo.Ct. App.1969). Therefore, regardless of its validity, the parties' choice-of-law clause in this case does not defeat application of Missouri's service letter statute.
Accordingly, defendant's motion to dismiss Count I is denied.

COUNT II
Defendant asserts two (2) arguments challenging Count II. First, defendant argues that because Count II is a breach of contract claim, punitive damages are not recoverable, regardless of whether this Court applies Missouri or California law. Plaintiff is correct that in both Missouri and California punitive damages are *922 generally not recoverable in a case arising out of a breach of contract. Otto v. Imperial Casualty and Indemnity Company, 277 F.2d 889, 893-94 (8th Cir.1960); Denton Construction Company v. Missouri Portland Cement Company, 507 F.Supp. 53, 55 (E.D.Mo.1981); Greening v. Klamen, 652 S.W.2d 730, 733-34 (Mo.Ct.App. 1983); Contractor's Safety Association v. California Compensation Insurance Company, 48 Cal.2d 71, 307 P.2d 626, 629 (1957). However, Missouri recognizes an exception to the general rule "`where the breach amounts to an independent, willful tort and there are proper allegations of malice, wantonness or oppression.'" Sands v. R.G. McKelvey Building Company, 571 S.W.2d 726, 733 (Mo.Ct.App.1978).
Plaintiff argues that defendant's alleged breach amounts to an independent, willful tort. The contract in question gave defendant the option of releasing plaintiff from the restrictive covenant or giving plaintiff compensation. Defendant started paying compensation to plaintiff when it released plaintiff from the covenant four (4) months after his termination. Assuming that the contract required defendant to elect its option within a reasonable time after which plaintiff was unable to find equivalent noncompetitive employment, defendant's allegedly unreasonable delay does not amount to an independent, willful tort. The source of the duty to choose the option within a reasonable time, if such a duty existed at all, was the contract. There was no such duty independent of the contract and thus the allegation of unreasonable delay does not amount to an independent tort. In Sands, there was a breach of a house construction contract which also amounted to an independent tort because the builder violated the local building code. In the case at bar, there is no independent source for the alleged duty and plaintiff alleges only a breach of the contract. Accordingly, plaintiff's claim for punitive damages is dismissed.
Defendant's second argument is that Count II fails to state a claim upon which relief can be granted, because the contract did not obligate defendant to exercise any particular option. However, the contract clearly obligated defendant to choose one or the other of the two (2) options. In addition, construing the complaint in a fashion most favorable to plaintiff, defendant had a contractual obligation to elect within a reasonable time which of the two (2) options it would use. Therefore, plaintiff's allegation that defendant breached said obligation states a claim upon which relief can be granted.
Defendant's motion with respect to Count II is granted in part and denied in part.

COUNT III
Defendant's only argument challenging Count III is that it fails to state a claim upon which relief can be granted. Defendant argues that under Missouri law plaintiff's employment was terminable at will because the contract was not for a definite term. See Kempe v. Prince Gardner, Inc., 569 F.Supp. 779, 781-82 (E.D.Mo. 1983); Amaan v. City of Eureka, 615 S.W.2d 414, 415 (Mo. banc 1981), cert. denied, 454 U.S. 1084, 102 S.Ct. 642, 70 L.Ed.2d 619 (1981); Christy v. Petrus, 365 Mo. 1187, 295 S.W.2d 122, 124 (1956); Lundberg v. Prudential Insurance Company, 661 S.W.2d 667, 668 (Mo.Ct.App. 1983). Missouri courts consistently reject exceptions to the employment-at-will doctrine, such as implying covenants of good faith and fair dealing in employment contracts. Kempe v. Prince Gardner, Inc., 569 F.Supp. 779, 781-82 (E.D.Mo.1983); Ising v. Barnes Hospital, 674 S.W.2d 623, at 625 (Mo.Ct.App.1984). However, defendant overlooks the fact that its contract with plaintiff, which was drafted by defendant, is governed by California law. Under California law, the employment-at-will doctrine is restricted because California implies a covenant of good faith and fair dealing in every contract, including employment contracts. Pugh v. See's Candies, Inc., 116 Cal.App.3d 311, 171 Cal. Rptr. 917 (1981); Cleary v. American Airlines, Inc., 111 Cal.App.3d 443, 168 Cal. *923 Rptr. 722 (1980). This conflict between Missouri and California law requires this Court to determine which state's law applies to the contract.
A federal court exercising diversity jurisdiction must follow the choice-of-law rules of the forum state to determine which state's law applies. Klaxon Co. v. Stentor Electric Manufacturing Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); Hansen v. Sears, Roebuck & Co., 574 F.Supp. 641, 643 (E.D.Mo.1983). As discussed supra, Missouri courts generally give effect to contractual choice-of-law clauses. The only significant limitation on the freedom of the parties to choose a particular state's law is that there be some logical or reasonable basis for the choice. National Union Fire Insurance Co. of Pittsburgh, Pa. v. D & L Construction Co., 353 F.2d 169 (8th Cir.1965).
In the case at bar there is a logical basis for choosing California law  it is the location of the principal headquarters of the Imperial Oil and Grease Company. It is reasonable for defendant to attempt to have one state's law apply to its employment contracts which are numerous and nationwide. Therefore, the choice-of-law clause herein is valid and California substantive law applies to the contract. Because California law applies, a covenant of good faith and fair dealing must be implied in the contract herein and plaintiff's allegation that defendant breached that covenant states a claim upon which relief can be granted.
Defendant's motion with respect to Count III is denied.
NOTES
[1] This action was filed on June 26, 1984. Previously, plaintiff filed a similar action in state court on April 21, 1982, or before the repeal became effective. The state action was dismissed on April 24, 1984. In the opinion of this Court, the fact that plaintiff previously filed a separate action before the date of repeal has no bearing on which statute, if any, applies in this case.