**In re CENTRE OF MISSOURI LIMITED, Debtor.**

**Bankruptcy No. 89–00681–BKC–JJB.**

United States Bankruptcy Court, E.D. Missouri, E.D.

June 12, 1990.

---

Thomas M. Utterback, Margaret Finan, and Mark H. Zoole, St. Louis, Mo., for debtor.

Julie L. Compton and David A. Warfield, St. Louis, Mo., for Karsten and Associates.

Francis X. Buckley, Jr. and Mark V. Bossi, St. Louis, Mo., for First Nat. Bank.

## MEMORANDUM

JAMES J. BARTA, Bankruptcy Judge.

The Debtor–In–Possession and The First National Bank of Boston (hereinafter, FNBB) have entered into an agreement for the Debtor's use of cash collateral. After notice of the agreement had been mailed to all creditors and parties in interest pursuant to Bankruptcy Rule 4001(d), a timely objection was filed on behalf of R.J. Karsten, Inc. Thereafter, FNBB and R.J. Karsten filed memoranda with respect to the objections and the matter was submitted to the Court. This Memorandum is entered after consideration of the record as a whole.

On May 14, 1986, FNBB agreed to loan Debtor the sum of $10,636,000.00 for the construction of the Huntleigh Apartment Complex. As security for the loan, Debtor executed a deed of trust granting FNBB a security interest in the property. The Debtor contemporaneously executed a Conditional Assignment of Leases, Rents and Profits.

Debtor defaulted on the loan and FNBB commenced foreclosure proceedings. A foreclosure sale was scheduled for February 21, 1989, but was stayed by the commencement of this voluntary Chapter 11 Reorganization case. The Debtor has operated as a Debtor–In–Possession throughout these proceedings.

On February 24, 1989, FNBB filed a Motion to "Prohibit or Condition Use of Cash Collateral, For Adequate Protection, and for Sequestration of Funds" and a Motion for Relief from the Automatic Stay. After a full hearing, FNBB was granted relief from the stay by an order entered on May 4, 1989. Thereafter, Debtor and FNBB entered into a consent agreement which provides in part that the Debtor is to pay to FNBB all proceeds of post-petition rents collected from the Huntleigh Apartments. The Debtor and FNBB then sought Court approval of this agreement.

R.J. Karsten, Inc., the Objector, performed certain work connected with the construction of the Huntleigh Apartment Complex prior to the commencement of this case. The Objector asserts that it did not receive full payment for this work, and therefore holds a mechanic's lien against the Complex. Objector first challenges FNBB's interest in the post-petition rents arguing that under Massachusetts law, FNBB's right to the rents as cash collateral is not perfected and is, therefore, unenforceable. Objector bases its argument on the fact that the original loan agreement between the Debtor and FNBB declared Massachusetts law as their choice of law. Paragraph 12 of the Conditional Rent Assignment states in part that to the maximum extent permitted by law, the original loan agreements are to

.... be construed according to and governed by the laws of the Commonwealth of Massachusetts, and in all other respects by the laws of the State of Missouri. *Conditional Assignment of Leases, Rents and Profits;* Exhibit "B" to Memorandum in Opposition to R.J. Karsten Inc.'s Objections to Consent Agreement.

In Massachusetts, the law requires that a mortgagee take possession of real property prior to any exercise of a right to collect rents. *In re Prichard Plaza Associates, Ltd. Partnership,* 84 B.R. 289, 297 (Bankr.D.Mass.1988).

A mortgagee's interest in rents received after the Bankruptcy petition is filed is dependent upon whether the applicable state law would recognize the interest absent bankruptcy. *Butner v. United States,* 440 U.S. 48, 54, 99 S.Ct. 914, 918, 59 L.Ed.2d 136, 141 (1979). The federal court follows the choice of law rules of the forum state to determine which state's law applies. *Klaxon Co. v. Stentor Electric Manufacturing Co.,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Missouri courts recognize contractual choice of law clauses except where there is no logical or reasonable basis for the choice or where the choice of law impinges upon a fundamental policy of the state of Missouri. *Comerio v. Beatrice Foods Co.,* 595 F.Supp. 918, 921 (E.D.Mo.1984).

In the case at bar, this Court finds and concludes that Missouri's interest in the disposition of Missouri real property is overriding. Real property is subject to the laws of the government where the property is located. *Wass v. Hammontree,* 77 S.W.2d 1006, 1009 (Mo.1934); *In re Marriage of Breen,* 560 S.W.2d 358, 361 (Mo. App.1977). This rule applies to issues involving mortgages and other encumbrances against real estate. *Rubenstein v. Nourse,* 70 F.2d 482, 484 (8th Cir.1934). A retention of the right to receive rents in a deed of trust is a retention of an interest in land. *See, Callwood v. Virgin Islands National Bank,* 221 F.2d 770 (3rd Cir.1955). Therefore, the Court concludes that Missouri law applies.

Objector next asserts that even if Missouri law applies, FNBB is not entitled to the rents because FNBB did not perfect its interest in the rents until after Debtor's Chapter 11 filing. 11 U.S.C. § 552(b) provides that a security interest in rents obtained through a security agreement which was entered into prior to the commencement of the bankruptcy proceeding, shall

extend to rents acquired after the filing "to the extent permitted by such security agreement and by applicable non-bankruptcy law."

In Missouri, a mortgagee is not entitled to the rents from property upon default unless (i) the parties agree, (ii) the mortgagee enters into possession of the property, or (iii) the mortgagee takes some equivalent action tantamount to possession. *Matter of L.G. Edwards Farm, Inc.,* 30 B.R. 842, 844 (Bankr.E.D.Mo.1983). In the case at bar, not only did the parties agree to the transfer of interest in rents upon default in the original trust agreement, but FNBB also proceeded to take "some equivalent action" tantamount to possession by filing a motion to "Prohibit or Condition Use of Cash Collateral, For Adequate Protection, And For Sequestration of Funds"[1] three days after the commencement of this Bankruptcy case. Therefore, the Court finds and concludes that FNBB holds a valid security interest in all rents received after the filing of the Bankruptcy petition.

By separate Order, the objection on behalf of R.J. Karsten, Inc. is overruled, and the request of the Debtor and FNBB to approve a settlement agreement which includes the recognition of a valid lien in post-petition rents is granted.

## ORDER

At Saint Louis, in this District, this 12th day of June, 1990.

Upon consideration of the record as a whole, and consistent with the determinations set out in the Memorandum entered in this matter,

IT IS ORDERED that this hearing be concluded; and that the objection on behalf of R.J. Karsten, Inc., to the Debtor's Motion to approve an agreement for the use of cash collateral is OVERRULED; and

That the agreement between the Debtor and First National Bank of Boston is APPROVED.

---

1. Rents are considered cash collateral pursuant to 11 U.S.C. § 363(a).