**In re STONERIDGE APARTMENTS,**
**Northwood Village Apartments,**
**Debtors.**

**Bankruptcy Nos. 90–41931–3–11,**
**90–41932–2–11.**

United States Bankruptcy Court,
W.D. Missouri.

Sept. 28, 1990.

Ronald S. Weiss, James F.B. Daniels, Kansas City, Mo., for debtors.

Mark V. Bossi, Cheryl Kelly, St. Louis, Mo. for creditor.

Stephen B. Strayer, Liberty, Mo.

MEMORANDUM OPINION

FRANK W. KOGER, *Chief Judge.*

The same questions are involved in the two adversary actions in the Chapter 11 cases of Stoneridge Apartments, Case No.

90–41931–3–11, and Northwood Village Apartments, Case No. 90–41932–2–11. In each case we have the same creditor and the same management. Only somewhat different ownership is present and so the complaints as to cash collateral filed by Home Savings of America, F.A., hereinafter HSA, in each case, were heard together. In each case HSA's loan balance exceeded the value of the apartment complex; in each case HSA's debt was secured by a deed of trust, assignment of rents, and security agreement on any and all personalty; in each case all recording and filing needed to "perfect" the interests of Home Savings of America in the collateral had been accomplished. In addition HSA had filed petitions in the Clay County Circuit Court for the appointment of receivers. Apparently counsel for HSA were in the chambers of the Circuit Judge discussing who would be an appropriate receiver when they were notified of the bankruptcy filing. HSA had made demand, declared its balance due, filed its receivership suit, and done everything short of taking possession that a secured party could do. Under these circumstances, do the rents from the apartment projects equate to cash collateral that can be used by the debtor only under restricted circumstances, or are they assets freely available for use by debtor in its proposed reorganization?

Recognizing the semantics that some courts have engaged in to describe the condition of an assignee's lien in rents (i.e., perfected, possessory, enforceable, effective, or their respective antonyms), this Court apprehends that the language used has to some extent created at least a portion of the confusion that courts and commentators have faced in determining whether and/or when creditors who were assignees of rents could enforce those assignments, post petition. It seems to this Court that rather than attempt to distinguish one adjective from the other it is better to take relatively simple steps to break the problem into components.

First, the issue is one of state law because the interest of the assignee must be enforceable under applicable state law, i.e., the law of Missouri since there is no federal issue involved. *Butner v. United States,* 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979) and *United States v. Landmark Park & Associates,* 795 F.2d 683 (CA 8, 1986). Second, it seems the issue has been plumbed by both state and bankruptcy courts in Missouri, at least in the Eastern District of Missouri. While those later cases are not controlling on this Court, they seem well reasoned and soundly based, and it strikes the Court that there is considerable merit in presenting a united front to the world and establishing a uniform rule for the state, wherever possible.

Based then on such state court cases as *Pine Lawn Bank & Trust Company v. M.H. & H., Inc.,* 607 S.W.2d 696 (Mo.App.1980) and *Grafeman Dairy Co. v. Mercantile Club,* 241 S.W. 923 (Mo. banc 1922) the Court believes that Missouri law requires the following steps before an assignee is entitled to the assigned rents:

1. Proper documentation of the assignments;

2. Proper recording of the assignments in the form required for an interest in real estate;

3. Default on the part of the assignor; and

4. Possession of the premises by the assignee; or

5. Action equivalent to possession by the assignee.

Obviously, the first four items will have had to be accomplished pre-petition or the automatic stay would keep the assignee from completing them. However, 11 U.S.C. § 552 should be interpreted, and is so interpreted by a majority of the reported cases, as allowing the assignee to accomplish step number 5 above by the post petition expedient of filing an adversary action or a motion that seeks to terminate the debtor's unrestricted use of the previously assigned rents. See *Matter of L.G. Edwards Farm, Inc.,* 30 B.R. 842 (Bkrtcy E.D.Mo.1983) or *In re Centre of Missouri Limited,* 116 B.R. 138 (Bkrtcy E.D.Mo. 1990) for two cases in Missouri illustrating this treatment. See *In re Greenhaven Village Apts of Burnsville,* 100 B.R. 465

(Bkrtcy.D.Minn.1989) for a detailed treatment of the effect of § 552's provisions upon the § 362 automatic stay, and a similar treatment in Minnesota.

■ There is one further consideration that causes this author to adopt this terse and somewhat creditor friendly approach. In the Bankruptcy Reform Act of 1978, with one exception, a debtor may not use up unrestrainedly the collateral of a properly secured creditor without providing said creditor adequate protection—provided always that the creditor is alert and actively seeks its rights.[1] To hold that a creditor who has taken a secured position in rents, who has properly recorded same, who has suffered default by his assignor, then must allow said assignor (now newly titled "debtor") to use the collateral for whatever purpose he wishes, is contrary to the spirit of the Code in general as well as 11 U.S.C. § 552 in particular. If the creditor is to be penalized because he was not in possession of the premises by virtue of a receiver, the practical result is to reinstitute the unseemly race to the courthouse which commentators have so often castigated. Properly documented and recorded security interests in rents should be treated as though said rents were any other item of cash collateral. Such interests should be used by the debtor, from the time the creditor files an appropriate action in the bankruptcy case, only for the preservation of the rental premises.

Debtor herein is directed to segregate the rents from the apartment premises and to obtain a court order or consent of movant for the use of any of said rents for other than those items clearly and directly benefitting the rental property.

The foregoing Memorandum Opinion constitutes Findings of Fact and Conclusions of Law as required by Rule 7052, Rules of Bankruptcy.

SO ORDERED.

---

1. The exception, of course, is the properly secured creditor whose nonpossessory, nonpurchase money security interest in very limited types of collateral may be avoided under 11 U.S.C. § 552.