**In re NORTHWEST COMMONS, INC., Debtor.**

**IMPERIAL GARDENS LIQUIDATING TRUST, Movant,**

v.

**NORTHWEST COMMONS, INC., Respondent.**

**Bankruptcy No. 91–46967–399.**

United States Bankruptcy Court, E.D. Missouri, E.D.

Dec. 31, 1991.

Joseph J. Trad, Lewis, Rice & Fingersh, St. Louis, Mo., for debtor.

Lloyd A. Palans, Matthew R. Niemann, Bryan, Cave, McPheeters & McRoberts, St. Louis, Mo., Stanley H. Chorlins, Love, Lacks & Paule, Clayton, Mo., for Imperial Gardens Liquidating Trust.

## MEMORANDUM OPINION AND ORDER

BARRY S. SCHERMER, Bankruptcy Judge.

## INTRODUCTION

This is a case of first impression in this District. It calls for a determination of whether post-petition rent is cash collateral when, before commencement of a debtor's Chapter 11 case, a mortgagee invokes its rights under an assignment of rents clause to collect all future rents.

Procedurally, this issue arises at final hearing of Debtor's request for use of cash collateral. Two days after the Debtor filed its petition for relief under Chapter 11, this Court entered an Emergency Order granting Debtor use of rents as cash collateral. The mortgagee originally consented to Debtor's use of rents as cash collateral pursuant to the Emergency Order. At the final hearing, however, mortgagee objected to Debtor's characterization of rent as cash collateral and continued use thereof. Mortgagee moved for summary judgement on the issues of whether debtor had any interest in the rents and whether the rents were cash collateral.

## JURISDICTION

This Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157, 1334 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. The parties have stipulated that this is a "core proceeding" which the Court may hear and enter appropriate judgments pursuant to 28 U.S.C. § 157(b)(2)(M).

Rule 56(c) of the Federal Rules of Civil Procedure, adopted in Rule 7056 of the Rules of Bankruptcy Procedure, states that summary judgment is appropriate where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law". *See Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *City of Mt. Pleasant, Iowa v. Associated Elec. Coop.*, 838 F.2d 268, 273–74 (8th Cir.1988); *Didier v. J.C. Penney Co., Inc.*, 868 F.2d 276 (8th Cir.1989).

## FACTS

The facts of this case are essentially stipulated. Debtor, Northwest Commons, Inc. (the "Debtor") operates a 144 unit apartment complex in North, St. Louis County. Imperial Gardens Liquidating Trust ("IGLT" or the "Trust") is the holder

of two promissory notes from the Debtor, dated July 29, 1981, (the "Notes") under which Debtor agreed to pay the principal sums of $1,023,812.70, and $500,000.00 with interest thereon. The Notes are secured by a Deed of Trust, including an assignment of rents clause, dated July 29, 1981 (the "Deed of Trust"), in favor of Imperial Gardens, Inc.[1] The Deed of Trust was properly recorded with the Office of the Recorder of Deeds of the County of St. Louis, State of Missouri.

On August 1, 1991, the Notes matured by their terms. A balance remained due and owing on the date of maturity, and the Debtor was in default. As a consequence of Debtor's default, the Trust commenced foreclosure proceedings and advertised a foreclosure sale for November 7, 1991. On October 8, 1991, pursuant to the terms of the Deed of Trust, the Trust sent notice to all tenants of Debtor's apartment complex directing them to pay rent directly to the Trust. Prior to commencement of this Chapter 11 case, IGLT collected seven or eight rent checks totalling between $2,700.00 and $2,800.00.

On October 29, 1991, Debtor filed its Voluntary Petition under Chapter 11 of the U.S. Bankruptcy Code, 11 U.S.C. § 101 et. seq., (the "Code"). On October 29, 1991, Debtor also filed an Emergency Motion for Authorization to Use Cash Collateral (the "Cash Collateral Motion"). The Debtor and IGLT presented a Stipulation and Agreed Order (the "Emergency Order") granting Debtor use of rents as cash collateral. The Court signed and entered the Emergency Order on October 31, 1991, and pursuant to Bankruptcy Rule 4001(b), notice was given to all creditors of a final hearing on the Debtor's Cash Collateral Motion. A final hearing was held on December 6, 1991. Prior to the final hearing, IGLT filed an Objection to the Debtor's Cash Collateral Motion and a Motion for Summary Judgment.

In its Objection and Motion for Summary Judgment IGLT asserts that the assignment of rents clause contained in the prop-erly recorded Deed of Trust granted Debtor only the right to collect and use rents until default in repayment of the Notes. IGLT argues that under Missouri law, on the date of Debtor's Chapter 11 petition, Debtor had no interest in the rent payments because Debtor's default and IGLT's notice to the tenants extinguished any interest Debtor may have had in the rents under the Deed of Trust. Therefore, the IGLT concludes that the rents are not cash collateral subject to use by the Debtor.

Debtor argues that it retains its interest in the rents and that IGLT holds only a security interest in the rents which under § 552(b) of the Code, continues post-petition. Accordingly, Debtor concludes that the rent is cash collateral and may be used in the ordinary course of the Debtor's business. Alternatively, the Debtor asserts that under § 522(b) IGLT's security interest in the rents should be deemed extinguished as of the date of filing because of the equities of the case. The equities asserted by the Debtor, include: (1) without use of rent as cash collateral, Debtor cannot operate its business under Chapter 11 and would effectively be denied relief under Title 11; and (2) Debtor is very near to filing its Plan of Reorganization and should be given the opportunity to demonstrate its ability to emerge from Chapter 11.

## DISCUSSION

■ This Court must determine whether post-petition rent is cash collateral when a mortgagee invokes its rights under an assignment of rents clause before commencement of a Debtor's Chapter 11 case, by instructing the Debtor's tenants to pay rent directly to the mortgagee. In order to determine whether such rent is cash collateral we must turn to state law. *Butner v. U.S.*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979), *United States v. Landmark Park & Assoc.*, 795 F.2d 683 (8th Cir.1986) (state law determines whether a mortgagee has an enforceable interest in rents collected between the commencement of the bankruptcy and the foreclosure sale absent

---

**1.** Imperial Gardens Liquidating Trust is the successor in interest to Imperial Gardens, Inc. Im-perial Gardens, Inc. was the original payee on the promissory notes.

some federal interest requiring a different result.)

The applicable law in Missouri is that after default in payment of mortgage debt, a mortgagee has the right to possession of the mortgaged property for the purpose of collecting rents and profits and applying them to the reduction of the mortgage debt. The mortgagee has no entitlement to the rents, however, until the mortgagee enters into actual possession of the property or takes some equivalent action. *In re Stuckenberg*, 374 F.Supp. 15, 17 (E.D.Mo.1974). *See, Grafeman Dairy Co. v. Mercantile Club, Mo.*, 241 S.W. 923, 927 (Mo. banc.1922); *Netzeband v. Knickmeyer–Fleer Realty & Inv. Co.*, 103 S.W.2d 520, 522 (Mo.Ct.App.1937); *Pine Lawn Bank and Trust Cp. v. M.H. & H., Inc.*, 607 S.W.2d 696, 700 (Mo.Ct.App.1980). This rule of law is consistent with Missouri's adherence to the "lien theory" of mortgages. A grantor in a deed of trust under Missouri law does not convey the title to a trustee, but creates a lien on the land to secure the payment of debt. *Coleman v. Crescent Insulated Wire & Cables*, 350 Mo. 781, 168 S.W.2d 1060, 1065 (Mo. 1943). Similarly, an assignment of rents clause in a deed of trust or mortgage does not create an absolute conveyance of rents to the mortgagee. The mortgagee must take possession or some equivalent action before he is entitled to the rents.

The Honorable Frank W. Koger, of the Western District of Missouri concluded that Missouri law requires four elements before a mortgagee may collect rents under an assignment of rents clause. These four requirements are:

1. Proper documentation of the assignments;

2. Proper recording of the assignment in the form required for an interest in real estate;

3. Default on the part of the assignor; and

4. Possession of the premises by the assignee; or action equivalent to possession by the assignee. *In re Stoneridge Apts.*, 119 B.R. 706, 707 (Bankr.W.D.Mo. 1990).

In the case at issue, the parties have stipulated to the first three requirements. The Deed of Trust securing the Debtor's obligation under the notes contains a valid assignment of rent clause. The Deed of Trust was properly recorded, and the notes are in default.[2] At final hearing on Debtor's Cash Collateral Motion, IGLT submitted testimony and exhibits indicating that notice was mailed October 8, 1991, to tenants of Northwest Commons Apartments, informing them that IGLT was exercising its right under the assignment of rents clause and that all rents were thereafter to be paid to IGLT. The giving of notice by a mortgagee that it is activating its rights under an assignment of rents clause is "action equivalent to taking possession." *See, Stuckenberg*, at 19. In *Stuckenberg* the District Court for the Eastern District of Missouri cited with approval the language in *Spiotta v. Nat'l Grocery Co.*, 11 N.J.Misc. 739, 168 A. 159 where the court stated:

" 'where, as here, the owner is not in actual but constructive possession of the mortgaged premises, nothing more than the service of a notice, or demand made by the mortgagee upon the tenant, setting forth that he is exercising his rights of possession could be required. Certainly, the mortgagee is not required to remove the tenants and thus actually and physically place himself in possession.' "[3]

This Court finds that because IGLT took action equivalent to possession before commencement of Debtor's Chapter 11 case, that IGLT accomplished all requirements necessary under Missouri law to establish

---

**2.** Debtor lists IGLT in its schedules as a secured creditor with a claim in the principal amount of $1,023,813.00.

**3.** *See also, In re Centre of Missouri*, 116 B.R. 138, 141 (Bankr.E.D.Mo.1990) (where mortgagee's post-petition filing of a motion to "Prohibit or Condition Use of Cash Collateral, for Adequate Protection and for Protection and for Sequestration of Fund" was deemed "some equivalent action" tantamount to possession).

its entitlement to rents under its assignment of rent clause.

Courts have generally stated that taking action equivalent to possession entitles a mortgagee to collect rent and apply it to the outstanding debt. The Court of Appeals in *Pine Lawn Bank and Trust Co.*, held that a mortgagee after default by a mortgagor has the right to possession of the mortgaged premises for the purposes of applying the rents and profits to the discharge of the mortgage debts. (607 S.W.2d at 700). Similarly, Judge Regan in *In re Stuckenberg*, held that after default a mortgagee has the right to possession of mortgaged property for the purpose of collecting the rents and profits and applying them to the discharge of the mortgage debt, but that he is not entitled to the rents until the mortgagee enters into actual possession or takes some equivalent action. (374 F.Supp. at 17) *citing, Grafeman Dairy Co. v. Mercantile Club*, 241 S.W. at 927. In addition, the court in *Netzeband v. Knickmeyer–Fleer Realty & Invst. Co.*, 103 S.W.2d 520, 522 (Mo.App.1937) concluded that "... it is competent for the parties to agree that the rents shall be collected by the mortgagee or a trustee, and applied to the payment of the mortgage debt, while the mortgagor remains in possession." And, more recently, Judge Koger in *Stoneridge Apartments* summarized the consequence of a mortgagee completing these steps as *entitling* the mortgagee to the assigned rents. (119 B.R. at 707).

The Debtor argues, however, that the result of an action equivalent to possession is not an "entitlement" to rent but is perfection of the mortgagee's rights in the assigned rents. According to the Debtor, such perfection merely restricts the Debtor's use of the rent and causes it to be cash collateral subject to the restrictions of § 363 of the Code. In support of its position, Debtor cites Judge Koger's opinion in *Stoneridge Apartments* wherein Judge Koger stated that taking action equivalent to possession post-petition results in rent being treated as though it were any other item of cash collateral. (119 B.R. at 708). Debtor also cites Judge Barta's opinion in *Centre of Missouri Limited*, wherein Judge Barta held that taking action tantamount to possession by filing an appropriate motion results in the mortgagee holding "a valid security interest in all rents received after the filing of the Bankruptcy petition." (116 B.R. at 141).

This Court is not persuaded by Debtor's arguments. The cases cited by Debtor addressed the effect of taking action tantamount to possession *post-petition*. In the present case, action equivalent to possession was taken *pre-petition*. This Court finds no Missouri cases in which a mortgagee took steps equivalent to possession before the filing of a debtor's petition for relief under the Bankruptcy Code.

The situation facing this Court is, however, analogous to the situation facing the Court in *Professional Technical Services, Inc.*, 71 B.R. 946 (Bankr.E.D.Mo 1987). In that case, the IRS levied on one of the debtor's account receivables prior to the date of the debtor's voluntary Chapter 11 petition. Debtor filed a Motion for Turnover of Property, seeking to recover the money levied upon by the IRS. In denying the debtor's motion, the Court concluded that the IRS completed all procedures necessary for the levy and seizure of the debtor's receivables before debtor filed its petition for relief. Therefore, on the date of filing, the debtor had no interest in the receivables which could become part of the debtor's estate.[4]

---

**4.** A pre-petition levy on cash or its equivalent is distinguishable from a pre-petition levy on personal property. The Supreme Court in *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983), examined the effect of a pre-petition IRS levy on tangible property, and held that "the ownership of the property levied upon is transferred only when the property is sold to a bona fide purchaser at a tax sale ... until such a sale takes place, the property remains the debtor's and thus is subject to the turnover requirement of section 524(a)." 462 U.S. at 211, 103 S.Ct. at 2317. *Whiting Pools* was subsequently interpreted as "standing for the proposition that a debtor's interest in tangible property is not extinguished by a pre-petition government levy which is in an amount less than the value of the property seized." *DiFlorio v. United States*, 30 B.R. 815, 818 (N.D.N.Y.1983). Ownership of cash when levied upon transfers at the time of levy. Be-

■ Where a pre-petition levy is upon tangible property having a value that exceeds the amount owed, the debtor retains two interests in the property: (1) the right to redeem the property prior to sale; and (2) the right to any surplus received upon sale. *Professional Technical Services*, 71 B.R. at 949.

■ In *Professional Technical Services* and in the present case, however, the interest levied upon was cash, not tangible property. Unlike tangible property which must be sold to determine its actual value, cash has an immediately ascertainable value. Thus, where cash is levied upon, the debtor has no right of redemption. Further, in both *Professional Technical Services* and in the present case, the debts exceeded the value of the interest levied upon so that there could be no right in the debtor to a surplus. IGLT's notice of its intent to collect rents extinguished all interests of the Debtor in the rents.

Prior to the Debtor's Chapter 11 petition, IGLT took all steps necessary to foreclose its perfected interest in the rents. When a mortgagee completes all steps necessary to enforce its rights under an assignment of rent clause pre-petition, all interests of the Debtor in the rents are extinguished and the rents do not become property of the estate or cash collateral. Accordingly,

IT IS ORDERED that IGLT's Objection and Motion for Summary Judgment are granted in that the rent from the Northwest Commons apartment complex is not cash collateral of the Debtor's estate and the Debtor is prohibited from using such rents.

cause cash has an immediately ascertainable value, a sale is unnecessary to determine whether the Debtor has any surplus interest in the cash.