**In re VIII SOUTH MICHIGAN ASSOCIATES, Debtor.**

**VIII SOUTH MICHIGAN ASSOCIATES, Plaintiff,**

v.

**The NORTHERN TRUST COMPANY, Defendant and Cross–Appellant,**

v.

**VIII SOUTH MICHIGAN ASSOCIATES, Cross–Appellee.**

**No. 92 C 3341.**

United States District Court, N.D. Illinois, E.D.

Sept. 18, 1992.

---

which Northern Trust had perfected its security interest prior to the filing of the bankruptcy petition are nonetheless cash collateral and part of the bankruptcy estate under 28 U.S.C. § 158(a).

## BACKGROUND

This appeal concerns the bankruptcy status of rents in which Northern Trust, a mortgagee, had perfected its security interest before a debtor filed for bankruptcy. Northern Trust loaned VIII South Michigan Associates, an Illinois limited partnership ("the partnership"), $11.8 million in exchange for a mortgage on an office building. Op. at 2.[1] In consideration for the loan, the partnership also gave Northern Trust a separate "Assignment of Rents and Leases." *Id.* The assignment of rents granted Northern Trust an interest in the rents from and leases of space in the office building, enforceable only upon default by the partnership. *Id.* at 5. Northern Trust duly recorded both the mortgage and the assignment of rents in Cook County. *Id.* at 2.

The partnership defaulted on the loan in November 1990. Northern Trust exercised its rights under the mortgage and the assignment of rents. *Id.* at 2–3. First, Northern Trust sent letters to the tenants of the building notifying them of the debtor's default and instructing the tenants to remit all future rent to Northern Trust. *Id.* at 3. As a result, some tenants paid their rent to Northern Trust, some continued to pay their rent to the partnership, and some placed their rent in escrow. *Id.* Several months later, Northern Trust filed a complaint to foreclose on the mortgage in state court. *Id.* The partnership then filed a voluntary petition for bankruptcy under Chapter 11, which stayed the foreclosure action. *Id.*

In January 1992, the partnership filed adversary complaint No. 92–A77 against Northern Trust seeking a determination that Northern Trust had no interest in the rents. In April, the bankruptcy court granted Northern Trust's motion for sum-

Charles Frank Vihon, Much, Shelist, Freed, Denenberg, Ament & Eiger, Mark Emil Leipold, Oppenheimer, Wolff & Donnelly, Chicago, Ill., for plaintiff-appellant.

Gus Anthony Paloian, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., for defendant-cross-appellant.

## MEMORANDUM OPINION AND ORDER

CONLON, District Judge.

Creditor The Northern Trust Company ("Northern Trust") cross-appeals from a final order of the bankruptcy court in an adversary proceeding, ruling that rents in

---

**1.** "Op." refers to citations to the bankruptcy judge's opinion issued from the bench on April 3, 1992 in No. 91–B25677, attached as Exhibit A to Northern Trust's brief.

mary judgment, holding that the rents are property of the bankruptcy estate and cash collateral under Section 363(a) of the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* *Id.* at 10. The partnership[2] appealed and Northern Bank filed a cross-appeal. The court dismissed the partnership's appeal on its own motion after the bankruptcy court refused to accept the partnership's plan of reorganization.

Then the proceedings took a turn for the murky, complicating this otherwise simple appeal. Northern Trust filed a brief in support of its cross-appeal on August 10, 1992, and the partnership's response was due on August 24, 1992. In lieu of a response, the partnership filed a tardy motion for a determination that it now lacks standing to respond to the appeal on the ground that when the bankruptcy case was converted from a Chapter 11 case to a Chapter 7 case on July 27, 1992, the bankruptcy trustee became the only real party in interest. Thus, no opposing brief has been filed to Northern Trust's cross-appeal. The trustee, who is aware of its pendency, did not file an opposition either. When the parties, including counsel for the trustee, appeared in open court on September 10, 1992, they took the following positions: The partnership contends that it lacks standing to respond and has not done so; Northern Trust continues to prosecute its cross-appeal; and the trustee believes the appeal to be moot, but in any case failed to move for leave to respond or for a determination of mootness.

## DISCUSSION

■ The first question is whether this court has Article III case or controversy jurisdiction over this appeal. *Cf. Koch Refining v. Farmers Union Cent. Exchange, Inc.*, 831 F.2d 1339, 1342 (7th Cir.1987), *cert. denied*, 485 U.S. 906, 108 S.Ct. 1077, 99 L.Ed.2d 237 (1988) (applying standing requirement to bankruptcy appeal). If the partnership is correct that it no longer has standing, there must be some other adverse party to satisfy the case or contro-

versy requirement. While the partnership's contention that a debtor immediately loses standing to bring any action once a trustee is appointed in Chapter 7 is overly broad, *see, e.g., In re Cottrell*, 876 F.2d 540 (6th Cir.1989) (debtor had standing to challenge trustee's classification of personal injury claim as part of bankruptcy estate), the partnership does lack standing to respond to this appeal. The trustee has succeeded to any causes of action that the debtor had a right to pursue at the petition date. *Koch*, 831 F.2d at 1342–43. *Accord In re Ozark Rest. Equip. Co.*, 816 F.2d 1222, 1225 (8th Cir.), *cert. denied*, 484 U.S. 848, 108 S.Ct. 147, 98 L.Ed.2d 102 (1987). The adversary complaint sought a declaratory judgment that certain assets were part of the bankruptcy estate; the pursuit of that sort of claim is now the trustee's responsibility. *Id.* The partnership is thus not an "aggrieved person" and has no standing to respond to the appeal. *Cf. In re Schultz Mfg. & Fabricating Co.*, 956 F.2d 686, 690 (7th Cir.1992), *petition for cert. filed*, (U.S. Jun. 29, 1992).

The bankruptcy trustee is an "aggrieved person" and therefore does have standing to respond to the appeal. The trustee's only response has been an oral assertion, made in open court, that the appeal has been mooted by subsequent bankruptcy court actions. However, it was pointed out in open court on September 10, that this argument was not raised by motion; the trustee did not take the opportunity to request leave to file any motion. In any event, on cursory examination—admittedly the only kind of examination possible on the sparse state of the record—the nature of Northern Trust's interest in the rents is of some moment even now that the partnership is in Chapter 7. Thus, the court concludes that Article III confers jurisdiction: The trustee is a defaulted real party in interest, and the appeal is not moot.

Turning to the substance of the appeal, the question is resolved by a recent Seventh Circuit case directly addressing the issue. In the bankruptcy court, Northern

---

**2.** Four individuals who were guarantors of the loan also joined in the appeal; they were dismissed from the appeal for lack of standing.

*See Lowenberg v. The Northern Trust Co.*, No. 92–C3341, Min.Ord. (N.D.Ill. filed July 7, 1992).

Trust urged that the rents were not part of the bankruptcy estate on two theories: first, that the assignment of rents was an absolute assignment, and second, that even if the assignment was not absolute, the rents are not part of the bankruptcy estate because Northern Trust perfected and enforced its security interest in the rents prior to the partnership's filing of the bankruptcy petition. The bankruptcy court considered and rejected the first theory, and Northern Trust has elected not to pursue the absolute assignment issue in its cross-appeal. Northern Trust now contends only that the bankruptcy court erred in holding that:

> It is clear to me under *Ratner* that the bank perfected its security interest in the rents by recording its interest and notifying the tenants to remit their rent to the bank. Because the bank has a valid lien against the rents, the rents are properly characterized as cash collateral under Section 363(a) of the Bankruptcy Code and will be dealt with accordingly.

Op. at 10.

If a mortgagee "has protected its security interests in a mortgagor's property and rental proceeds by perfecting its liens under the requirements of state law, then those interests do not later become property of the bankruptcy estate." *In re Century Invest. Fund VIII Ltd. Partnership*, 937 F.2d 371, 375 (7th Cir.1991). In *Century*, the Seventh Circuit examined a mortgage and rental assignment agreement similar to those in issue and concluded that the mortgagee was entitled to the rents because the mortgagee had perfected its interest in the rents under Wisconsin law. *Id.* at 380. *Accord In re Northwest Commons, Inc.*, 136 B.R. 215, 220 (Bkrtcy. E.D.Mo.1991) ("When a mortgagee completes all steps necessary to enforce its rights under an assignment of rent clause pre-petition, all interests of the Debtor in the rents are extinguished and the rents do not become property of the estate or cash collateral"). Inasmuch as the bankruptcy court's holding that the rents are cash collateral is directly contrary to the Seventh Circuit's decision in *Century*, it must be reversed. Rents in which Northern Trust

perfected its security interest under the assignment agreement prior to the filing of the bankruptcy petition are solely the property of Northern Trust and are not part of the bankruptcy estate.

### CONCLUSION

Debtor VIII South Michigan Associates' uncontested motion to determine the debtor's standing to pursue appeal is granted. The debtor lacks standing to pursue this appeal. Northern Trust's uncontested cross-appeal is meritorious. The bankruptcy court's ruling of April 3, 1992, that assigned rents are cash collateral of the bankruptcy estate is reversed.